

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7372 | **DATE** | 4/27/2001 |
| **CASE TITLE** | LILLY, et al vs. FORD MOTOR COMPANY | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's Motion to Remand is Granted. The case is remanded without prejudice to the Circuit Court of Cook County.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 30 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | 15 | 10 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 01 APR 27 PM 7:03 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT,
# NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION.

LILLY, et. al.,

Plaintiffs,

v.

FORD MOTOR COMPANY,
a Delaware Corp.

Defendant.

Case 00 C 7372

The Honorable John W. Darrah

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Motion to Remand the case to the Circuit Court of Cook County. For the following reasons, the Court GRANTS Plaintiffs' Motion.

## DISCUSSION

Although Plaintiffs raise a number of issues in their initial Motion to Remand, in their Reply, they state, "The sole issue regarding jurisdiction in this case is that the Defendant failed to follow 81.2, rendering its notice of removal defective."

Local Rule 81.2 provides the procedure for a defendant to follow on filing a notice of removal where the complaint does not contain an express *ad damnum* that exceeds the jurisdictional amount in controversy as to at least one claim in the complaint. It requires the defendant to include in its notice of removal:

> (1) a statement by each of the defendants previously served in the state court action that it is his, her or its good faith belief that the amount in controversy exceeds the jurisdictional amount; and
>
> (2) with respect to at least one plaintiff in the Illinois action, either–



(A) a response by such plaintiff to an interrogatory or interrogatories as to the amount in controversy, either (i) stating that the damages actually sought by that plaintiff exceeds the jurisdictional amounts or (ii) declining to agree that the damage award to that plaintiff will in no event exceed the jurisdictional amount; or

(B) an admission by such plaintiff in response to a request for admissions, or a showing as to the deemed admission by such plaintiff by reason of plaintiff's failure to serve a timely denial to such a request, in either event conforming to the statement or declination to agree described in subparagraph (2)(A) of this rule.

Where the defendant or defendants do not comply with this rule, "the action will be subject to remand to the state court for failure to establish a basis of federal jurisdiction."

Defendant has failed to meet the second requirement by not including an interrogatory or admission which complies with LR 81.2(A)(2). Ford defends its failure to comply by claiming it had to file its notice of removal within thirty days of receiving the Complaint since the Complaint put Ford "on notice that the amount in controversy raised by the Complaint vastly exceeded $75,000." (Def. Res. 12). Presumably, Ford is arguing that it didn't have time to obtain the requisite admission or response. However, this argument is unpersuasive since Plaintiff's failure to respond would have likewise fulfilled Defendant's obligation. "A plaintiff is deemed to have admitted that the amount in controversy exceeds the jurisdictional amount if that plaintiff fails to serve a timely denial in response to a request to admit." *Ford v. Mannesmann Dematic Corp.*, 2000 WL 1469371 (N.D.Ill. 2000)(No. 00 C 1226)(Grady, J.).

This case is therefore remanded without prejudice to the Circuit Court of Cook County for Defendant's failure to comply with LR 81.2.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Remand is Granted. The case is remanded without prejudice to the Circuit Court of Cook County.

**IT IS SO ORDERED.**

Date: 4-27-01

John W. Darrah, Judge

United States District Court