
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7372 | **DATE** | 8/21/2001 |
| **CASE TITLE** | LILLY vs. FORD MOTOR COMPANY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Plaintiffs' motion to remand is denied. Plaintiff granted leave to file an amended complaint on or before 9/11/01. Defendant's response to be filed by 10/02/01. Status hearing set for 10/9/01 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | 15 | 26 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 AUG 23 AM 8:53 | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION.

| | |
|---|---|
| LILLY, et. al., | |
| Plaintiffs, | Case 00 C 7372 |
| v. | The Honorable John W. Darrah |
| FORD MOTOR COMPANY, a Delaware Corp. | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Motion to Remand the case to the Circuit Court of Cook County. For the following reasons, Plaintiffs' Motion to Remand is DENIED.

## BACKGROUND

On December 21, 2000, Plaintiffs moved to remand the case to the Circuit Court of Cook County. This Motion was granted without prejudice on April 27, 2001, for Defendant Ford Motor Company's ("Ford" or "Defendant") failure to comply with Local Rule 81.2. *See Lilly v. Ford Motor Company,* 2001 WL 456406 (N.D.Ill 2001). However, this order was vacated; and the case was reinstated on May 31, 2001, to afford Defendant an opportunity to comply with Local Rule 81.2.

## DISCUSSION

Since the 4/27/01 order was vacated, Ford has made a good-faith effort to comply with Local Rule 81.2 and served interrogatories on Plaintiffs. Local Rule 81.2 requires the defendant to include in its notice of removal:

> (1) a statement by each of the defendants previously served in the state court action that it is his, her or its good faith belief that the amount in controversy exceeds the



jurisdictional amount; and

(2) with respect to at least one plaintiff in the Illinois action, either–

(A) a response by such plaintiff to an interrogatory or interrogatories as to the amount in controversy, either (i) stating that the damages actually sought by that plaintiff exceeds the jurisdictional amounts or (ii) <u>declining to agree that the damage award to that plaintiff will in no event exceed the jurisdictional amount;</u> [emphasis added] or

(B) an admission by such plaintiff in response to a request for admissions, or a showing as to the deemed admission by such plaintiff by reason of plaintiff's failure to serve a timely denial to such a request, in either event conforming to the statement or declination to agree described in subparagraph (2)(A) of this rule.

Defendant has now complied with Local Rule 81.2 since it has filed a response by Plaintiff to a request to admit, which essentially refuses to agree that Plaintiff Lilly's recoverable damages will not exceed $75,000. The request to admit and response read as follows:

> 4. Please admit that Plaintiff, James Lilly, is not entitled to an award for damages based on the claims asserted in the Complaint or claims arising out of the facts alleged in the complaint in excess of $75,000.00.
>
> Answer: Objection. This request is inappropriate. The amount of the award that the Plaintiff is entitled to receive should be decided by the trier of fact. Nonetheless, Plaintiff, James Lilly reiterates that he does not seek an individual award for damages in excess of $75,000.00.

Def. Ex. B at 3.

Although Plaintiffs state that Lilly will not seek damages in excess of $75,000, it is clear from the face of the complaint that the stated damages, if proven, will exceed that amount. In the Complaint, Lilly claims that he suffered "permanent and disabling injuries which continue to cause his loss of a normal life." (Compl. ¶ 7). Lilly further claims that "he has incurred extensive medical bills, a loss of earning potential and extreme pain and suffering." (Compl. ¶ 7). Furthermore, the Complaint seeks to certify a class of people who "suffered personal injuries," including death. It is clear from the allegations in the complaint that the case constitutes one in which individual damages

for members of the class will exceed $75,000.

Although Plaintiffs attempt to defeat federal jurisdiction by citing their intent to amend the Complaint to remove the claims for personal injuries, this argument is not persuasive. "[W]hether subject matter jurisdiction exists is a question answered by looking at the complaint as it existed at the time the petition for removal was filed." *Gossmeyer v. McDonald,* 128 F.3d 481, 487 (7th Cir. 1997).

Since the personal injury claims of Lilly and the other potential members of the class are sufficient for federal jurisdiction, the issue of whether Plaintiffs' claim for injunctive relief constitutes a "common and undivided interest," need not be reached. Furthermore, since at least one of the class member's claims exceeds $75,000, supplemental jurisdiction over the remaining claims is appropriate. Plaintiffs' Motion to Remand is DENIED.

## **CONCLUSION**

For the reasons stated herein, Plaintiffs' Motion to Remand is DENIED.

**IT IS SO ORDERED.**

Date: August 2, 01

John W. Darrah, Judge
United States District Court

-3-