Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7372 | **DATE** | 4/2/2002 |
| **CASE TITLE** | JAMES LILLY, et al vs. FORD MOTOR COMPANY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to April 16, 2002 at 9:00 a.m. Enter Memorandum Opinion And Order. Plaintiffs' motion for class certification is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | APR -3 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 64 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



APR - 3 2002

JAMES LILLY and TERRANCE J. )
SHAUGHNESSY, individually and on )
behalf of all others similarly situated, )
) Case No. 00 C 7372
    Plaintiffs, )
) Hon. John W. Darrah
    v. )
)
FORD MOTOR COMPANY, a Delaware )
corporation, )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, James Lilly and Terrance J. Shaughnessy ("Plaintiffs"), brought this action against Defendant, Ford Motor Company ("Ford"), alleging claims for unjust enrichment, violation of all states' consumer protection laws, breach of express and implied warranty, negligence and a request for a declaratory judgment or equitable and injunctive relief. Ford moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On January 17, 2002, the Court entered a Memorandum Opinion and Order, denying Ford's motion with respect to Plaintiffs' claims for unjust enrichment and violation of consumer protection laws and granting it with respect to all other claims. *Lilly v. Ford Motor Co.*, No. 00 C 7372, 2002 WL 84603 (N.D. Ill. Jan. 17, 2002).

Before the Court is Plaintiffs' Motion for Class Certification. For the reasons set forth below, Plaintiffs' Motion for Class Certification is denied.

The factual background of this case is set forth fully in the January 17, 2002 Memorandum

-1-

Opinion and Order and will not be recited in the instant opinion. *Lilly*, 2002 WL 84603, at *1-2.

Plaintiffs seek certification under Rule 23(b)(3)[1] of a class of "[a]ll persons and entities; the estates, representatives, guardians and administrators of all persons; the spouses, children, relatives and 'significant others' of all persons that suffered economic injuries as a result of the defective design, manufacture, sale, and distribution of motor vehicles equipped with TFI modules improperly placed near the engine block by [Ford]."[2] Ford argues that class certification is not appropriate because Plaintiffs have failed to satisfy the requirements of Rule 23(a) and (b)(3).

A class may be certified if all the prerequisites of Rule 23(a)–numerosity, commonality, typicality, and adequacy of representation–are demonstrated and, additionally, if one of the requirements of Rule 23(b) is met. The district court may look "beneath the surface of a complaint to conduct the inquiries identified in [Rule 23] and exercise the discretion [Rule 23] confers." *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 677 (7th Cir. 2001). Plaintiffs bear the burden of demonstrating that class certification is proper. *Dhamer v. Bristol-Meyers Squibb Co.*, 183 F.R.D. 520, 524 (N.D. Ill. 1998) (citing *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993)).

Even if Plaintiffs could demonstrate the prerequisites of Rule 23(a), class certification would fail because Plaintiffs have not met the requirements of Rule 23(b)(3). That rule provides that a class may be certified if the prerequisites of Rule 23(a) are met and "questions of law or fact common to

---

[1]Class certification under Rule 23(b)(2) is inappropriate as this Court has dismissed Plaintiffs' claims for injunctive, declaratory and equitable relief. *Lilly*, 2002 84603, at *3-5.

[2]Thick Film Ignition ("TFI") modules are "electronic devices that control the spark of electricity that ignites the gas and air mixture in the engine's cylinders." *Lilly*, 2002 WL 84603, at *1.

the members of the class predominate . . . and . . . a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). Four factors that are pertinent to the finding of predominance and superiority are the following: (1) "the interest of members of the class in individually controlling the prosecution or defense of separate actions", (2) "the extent and nature of any litigation concerning the controversy already commenced by or against members of the class", (3) "the desirability or undesirability of concentrating the litigation of the claims in the particular forum", and (4) "the difficulties likely to be encountered in the management of a class action". Fed.R.Civ.P. 23(b)(3).

Ford argues that Plaintiffs have not demonstrated that common questions of fact or law predominate because the unjust enrichment and violation of consumer protection laws claims would require this Court to apply the law of fifty-one jurisdictions. Plaintiffs argue that "the states' laws are either uniform, or else fall into a few, clearly defined categories, as to potentially dispositive points." (Pls.' Mem. Supp. Mot. Class Certification ¶ 65.) Plaintiffs further argue that "predominance and manageability can be preserved through the judicious use of subclasses and special verdict forms." (Pls.' Mem. Supp. Mot. Class Certification ¶ 65.)

Even if the law of consumer fraud or unjust enrichment is similar in all fifty-one jurisdictions, a class action is not the superior method of adjudicating these claims. Class certification of Plaintiffs' claim of unjust enrichment would still be unmanageable. "The laws of unjust enrichment vary from state to state and require individualized proof of causation." *Clay*, 188 F.R.D. at 500. Unjust enrichment is an equitable doctrine. There would be individual questions as to whether a particular class member is subject to equitable defenses.

Moreover, variances exist in state common laws of unjust enrichment. The actual

> definition of "unjust enrichment" varies from state to state. Some states do not specify the misconduct necessary to proceed, while others require that the misconduct include dishonesty or fraud. . . . Other states only allow a claim of unjust enrichment when no adequate legal remedy exists. . . . Many states, but not all, permit an equitable defense of unclean hands. Those states that permit a defense of unclean hands vary significantly in the requirements necessary to establish the defense. . . .

*Clay*, 188 F.R.D. at 501 (internal citations omitted). The variations in state common laws of unjust enrichment demonstrate that class certification of such a claim would be unmanageable. Therefore, Plaintiffs' Motion for Class Certification is denied with respect to their claim for unjust enrichment.

Similarly, class certification of Plaintiffs' claim for violation of consumer fraud is unmanageable. As this Court has noted in *Zapka v. Coca-Cola Co.*, No. 99 C 8238, 2000 WL 1644539, at *4 (N.D. Ill. Oct. 27, 2000),

> [u]nder the Illinois Consumer Fraud Act, [Plaintiffs] must prove: (1) a deceptive act or practice by [Ford]; (2) an intent on [Ford's] part that [Plaintiffs] rely on the deception; and (3) the deception occurred in the course of conduct involving trade or commerce. 815 ILCS § 505/2 . . . . [Plaintiffs] need not prove reliance; however, [they] must show that the consumer fraud proximately caused [their injuries]. . . . Proofs similar to Illinois' consumer fraud act exist in other state consumer fraud acts, *i.e*, Delaware . . . and Iowa . . . . [However,] [o]ther state consumer fraud acts require that the defendant knew or should have known the statements were false or misleading, *i.e.*, Colorado . . . ; while other state statutes require actual knowledge that the statements were false or misleading, *i.e.*, Arkansas . . . . The differences in the required proofs of the states [sic] statutes demonstrate that a nationwide certification would not be manageable because of the multiple and different variables that would have to be proved as to each class member.

*Zapka*, 2000 WL 1644539, at *4. Therefore, Plaintiffs' Motion for Class Certification is denied with respect to their claim for violation of consumer fraud laws.

Furthermore, the problem of unmanageability as set out above would not be obviated by the use of subclasses and special verdict forms.

Therefore, because certification of a nationwide class on Plaintiffs' claims of unjust

enrichment and violation of consumer fraud laws would be unmanageable, Plaintiffs' Motion for Class certification is denied.

Dated: April 2, 2002

JOHN W. DARRAH
United States District Judge